UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

REINIER CORTES PORRAS,

       Plaintiff,

v.

LQ MANAGEMENT L.L.C. d/b/a
LA QUINTA INN & SUITES MIAMI
AIRPORT WEST,

       Defendants.
_____/

## COMPLAINT FOR DISCRIMINATION

Plaintiff, REINIER CORTES PORRAS (hereinafter referred to as "Plaintiff" and/or "CORTES") by and through the undersigned counsel, hereby files this Complaint for Discrimination against Defendant, LQ MANAGEMENT L.L.C. d/b/a LA QUINTA INN & SUITES MIAMI AIRPORT WEST (hereinafter referred to as "Defendant" and/or "LA QUINTA INN"), and states the following in support thereof:

### JURISDICTION, VENUE AND PARTIES

1.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2.    Pursuant to 28 U.S.C. § 1391, venue is proper in the Southern District of Florida as all alleged unlawful acts complained of herein occurred in Miami-Dade County, Florida.

3.    At all times material hereto, Defendant has been engaged in substantial business activities in the State of Florida with hotels in various cities within the State. The unlawful acts

alleged herein occurred at Defendant's place of business at La Quinta Inn & Suites Miami Airport West, 8730 NW 27th Street, Miami, FL 33172.  At all times material hereto, Defendant has had at least 15 employees and has continuously been an employer engaged in an industry effecting commerce within the meaning of Title VII and the Florida Civil Rights Act.

4.  At all times material hereto, Plaintiff was employed by Defendant.  Plaintiff is of Cuban national origin.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.  On January 7, 2016, Plaintiff dual filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").  *A true and correct copy of said charge is attached hereto and incorporated herein as **Exhibit** "**A**."*

6.  On February 27, 2017, Plaintiff received his Notice of Right to Sue from the EEOC—Plaintiff has filed this action within 90 days of receipt of said Notice.  *A true and correct copy of said Notice is attached hereto and incorporated herein as **Exhibit** "**B**."*

## GENERAL FACTUAL ALLEGATIONS

7.  Plaintiff began working for LA QUINTA INN on or about October 6, 2014 as Assistant General Manager.

8.  In August 2015, a new General Manager, Noam Yativ ("YATIV"), was hired on to manage the Miami West Airport location where Plaintiff worked.

9.  On or about August 3, 2015, YATIV held a staff meeting.  At this staff meeting, YATIV asked each employee what their national origin was and specifically asked whether people were Cuban.

10. After YATIV found out that Plaintiff and a couple other employees were of Cuban national origin, he began subjecting Plaintiff to harassment and different terms and conditions of employment than his co-workers who were not Cuban.

11. YATIV would make discriminatory statements to Plaintiff such as "All Cubans eat pork so you can buy it from" Plaintiff. He would state that another Cuban worker was Plaintiff's uncle because "all Cubans are related."

12. These types of discriminatory statements were made on a daily basis by YATIV to Plaintiff. YATIV increased his harassment and disparate treatment when he decided he would move into Plaintiff's office to monitor him.

13. Subsequent thereto, YATIV fired two Cuban employees for reasons which turned out to be unfounded as LA QUINTA INN rehired these individuals after YATIV left the company.

14. On or about September 5, 2015, Plaintiff complained about the discrimination he was being subjected to—Plaintiff brought his complaint to Regional Vice President, Brad Seehafer ("SEEHAFER").

15. SEEHAFER told Plaintiff to confront YATIV and speak to him personally; however, due to YATIV's hostility Plaintiff thought it best to complain to Human Resources.

16. On or about September 6, 2015, Plaintiff made a written complaint to Monica Hall ("HALL"), Human Resources Manager, and HALL allegedly began an investigation.

17. On or about September 9, 2015, HALL terminated Plaintiff from his job and stated she believed he interfered with her investigation—Plaintiff did no such thing.

18. Defendant discriminated against Plaintiff based on his national origin and then terminated him in retaliation for filing a complaint of discrimination with Human Resources.

19. Defendant knew of the discrimination and failed to redress the discrimination. In doing so, Defendant acted with malice or reckless disregard to the injury caused to Plaintiff by the disparate treatment and subsequent retaliation.

20. Plaintiff has engaged the services of the undersigned attorneys and has agreed to pay a reasonable attorney's fee for their services.

21. Plaintiff is entitled to attorneys fees if he prevails in this action pursuant to Title VII, 42 U.S.C. §§ 2000E-5f and § 760.11(5), Florida Statutes.

## COUNT I
## DISCRIMINATION UNDER TITLE VII

22. Plaintiff adopts and realleges paragraphs 1 through 21 above as if fully set forth and incorporated herein.

23. Plaintiff is a member of a protected class in that he is of Cuban national origin.

24. Defendant is an employer within the meaning of 42 U.S.C. § 2000e *et seq*.

25. Plaintiff was not provided with the same terms, conditions, and privileges of employment as other employees outside of his protected class.

26. Other employees not in his protected class were treated differently and more favorably.

27. The Defendant has intentionally discriminated against Plaintiff because of his national origin in violation of Title VII, 42 U.S.C. § 2000E et seq. by disparate treatment of Plaintiff based on his national origin.

28. The unlawful employment practices of Defendant were intentional.

29. The unlawful employment practices against Plaintiff were done with malice or reckless indifference to Plaintiff's federally protected rights.

30. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff was emotionally harmed, suffered, and will continue to suffer, loss of wages and other employment benefits, a loss of earning capacity, damages to his professional reputation, a loss of dignity, loss of enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

WHERFORE, Plaintiff respectfully requests this Court to issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, front pay, attorneys' fees and costs, together with such other relief this Court deems just and proper.

## COUNT II
## RETALIATION UNDER TITLE VII

31. Plaintiff adopts and realleges paragraphs 1 through 21 above as if fully set forth and incorporated herein.

32. Plaintiff complained to Human Resources that he was being treated differently and less favorably than other employees outside of his protected class with respect to terms and conditions of employment.

33. Defendant retaliated against Plaintiff by, amongst other things, falsely accusing him of interfering with the Defendant's investigation into discrimination and subsequently terminating him from his employment.

34. The above described adverse actions taken by Defendant against Plaintiff were in violation of Title VII.

35. Defendant's adverse employment action against Plaintiff was intentional and with malice or reckless indifference to the federally protected rights of Plaintiff.

36. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff was emotionally harmed, suffered, and will continue to suffer, loss of wages and other

employment benefits, a loss of earning capacity, damages to his professional reputation, a loss of dignity, loss of enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

WHERFORE, Plaintiff respectfully requests this Court to issue an order against Defendant awarding the Plaintiff compensatory damages, punitive damages, lost back pay, front pay, attorneys' fees and costs, together with such other relief this Court deems just and proper.

## COUNT III
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT

37. Plaintiff adopts and realleges paragraphs 1 through 21 above as if fully set forth and incorporated herein.

38. Plaintiff is a member of a protected class in that he is of Cuban national origin.

39. Defendant is an employer within the meaning of Fla. Stat. Ch. 760.

40. Plaintiff was not provided with the same terms, conditions, and privileges of employment as other employees outside of his protected class.

41. Other employees not in his protected class were treated differently and more favorably.

42. The Defendant has intentionally discriminated against Plaintiff because of his national origin in violation of the Florida Civil Rights Act by disparate treatment of Plaintiff based on his national origin.

43. The unlawful employment practices of Defendant were intentional.

44. The unlawful employment practices against Plaintiff were done with malice or reckless indifference to Plaintiff's federally protected rights.

45. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff was emotionally harmed, suffered, and will continue to suffer, loss of wages and other employment benefits, a loss of earning capacity, damages to his professional reputation, a loss of dignity, loss of enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

WHERFORE, Plaintiff respectfully requests this Court to issue an order against Defendant awarding the Plaintiff compensatory damages, punitive damages, lost back pay, front pay, attorneys' fees and costs, together with such other relief this Court deems just and proper.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT

46. Plaintiff adopts and realleges paragraphs 1 through 21 above as if fully set forth and incorporated herein.

47. Plaintiff complained to Human Resources that he was being treated differently and less favorably than other employees outside of his protected class with respect to terms and conditions of employment.

48. Defendant retaliated against Plaintiff by, amongst other things, falsely accusing him of interfering with the Defendant's investigation into discrimination and subsequently terminating him from his employment.

49. The above described adverse actions taken by Defendant against Plaintiff were in violation of The Florida Civil Rights Act.

50. Defendant's adverse employment action against Plaintiff was intentional and with malice or reckless indifference to the federally protected rights of Plaintiff.

51. As a direct and proximate result of Defendant's unlawful employment practices, Plaintiff was emotionally harmed, suffered, and will continue to suffer, loss of wages and other

employment benefits, a loss of earning capacity, damages to his professional reputation, a loss of dignity, loss of enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

WHERFORE, Plaintiff respectfully requests this Court to issue an order against Defendant awarding the Plaintiff compensatory damages, punitive damages, lost back pay, front pay, attorneys' fees and costs, together with such other relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

**CORONA LAW FIRM, P.A.**
3899 NW 7th Street, 2nd Floor
Miami, FL  33126
Telephone: (305) 266-1150
Facsimile: (305)266-1151
Email: amorgado@coronapa.com
Secondary Email: crm@coronapa.com


By:/s/ Allyson Morgado
Ricardo Corona, Esq.
FBN 111333
Allyson Morgado
FBN: 91506